IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                              Criminal No. 12-0273
                                              ELECTRONICALLY FILED

     v.

LANCE YARBOUGH,

        Defendant.

# MEMORANDUM ORDER RE: DEFENDANT'S PRE-TRIAL MOTIONS
# (DOC. NOS. 40, 42, 43, 44, 45, 46)

Defendant has been charged with one count of possession with the intent to distribute 100 grams or more of heroin in violation of Title 21 United States Code Sections 841(a)(1) and 841(b)(1)(B)(i). Doc. No. 18. A jury trial is scheduled for November 5, 2013. Doc. No. 48. Currently pending before the Court are six pre-trial Motions filed by Defendant. Doc. Nos. 40, 42-46. The Government has filed an Omnibus Response. Doc. No. 47. Defendant's Motions will be addressed in turn.

**A. Motion to Suppress (Doc. No. 40) and Motion for Hearing re. Motion to Suppress (Doc. No. 42)**

On October 12, 2012, at 3:00pm, United States Magistrate Judge Lisa Pupo Lenihan executed a Search and Seizure Warrant for 130 7th Street, Century Building, Apartment 7E, Pittsburgh, Pennsylvania, 15222. Doc. No. 40-1. The Application for Search Warrant was supported by an Affidavit by Jonathan Love, a narcotics detective with the Allegheny County Police Department assigned to the Narcotics-Vice-Intelligence Unit and a deputized Special Federal Officer of the Federal Bureau of Investigations ("FBI"). Id. at 5-17.

In the Affidavit, which given under oath, Detective Love set forth that Defendant was the subject of an investigation that included the use of confidential informants and physical survelliance. Detective Love detailed that a confidential informant ("CI"), who was working with law enforcement officials, spoke with Defendant on Thursday, October 4, 2012, and Defendant relayed that he could supply the CI with large quantities of heroin that he had expressed an interest in purchasing. Doc. No. 40-1, ¶¶ 20-21. Law enforcement officers simultaneously conducted surveillance of apartment 7E of the Century Building, located at 130 7th Street in downtown Pittsburgh. Id. at ¶ 23. Law enforcement officers had previously confirmed that Defendant stayed in this apartment with his girlfriend. Id. at ¶¶ 25. On Wednesday, October 10, 2012, Defendant was captured on video surveillance leaving the apartment around 2:00AM and returning a short time later with an item concealed beneath his shirt. Id. at ¶ 31. Defendant did not have the item when he left the apartment building. Later that same day, Defendant attempted to call the CI to let him/her know that he was in possession of heroin that the CI could purchase. Id. at ¶ 22. CI returned the phone call and placed an order for 60 bricks of heroin, which Defendant informed the CI would total $12,900. Id.

Defendant informed CI that he wanted to meet in person to discuss the transaction. Id. at ¶ 28. Another CI ("CI # 2") met with Defendant downtown. Law enforcement officers observed Defendant meeting with CI # 2 and then begin to walk towards the apartment. Id. Defendant called off the transaction after this meeting. Id. at ¶ 30.

The Court has been provided with a transcript of an intercepted telephone call between Defendant and the CI, surveillance notes from the FBI, and the applicable surveillance video. Doc. No. 40-3. The Search Warrant was executed on October 18, 2012, at 5:00PM. Doc. No.

40, ¶ 3. Agents recovered approximately 125 bricks of heroin from the apartment. Doc. No. 40-2.

The Fourth Amendment of the United States Constitution provides that individuals have the right to be free from unreasonable searches and seizures. A search and seizure is unreasonable if there was not probable cause for the issuance of a warrant. *See Illinois v. Gates*, 462 U.S. 213 (1983). Defendant moves this Court to suppress all evidence obtained by Government Agents with the Search Warrant. Doc. No. 40. Defendant contends that the warrant was not supported by probable cause because the Affidavit contained several false statements of fact and several omissions of material fact which were made deliberately or with reckless disregard for the truth. Doc. No. 40, 1. Specifically Defendant argues that: (1) Defendant did not tell the CI that "he could supply him/her with heroin" (paragraph 21); (2) Defendant was not observed returning to the Century Building in the early morning of October 10, 2012, holding/concealing a large item (paragraph 31); (3) three instances in which Defendant was observed entering or exiting the Century Building in the early morning of October 10, 2012, were not included in the Affidavit; (4) the surveillance log lists that at "approximately 3:36am" Agent Piccini observed that "[Defendant's] left hand appears to be holding something close to the front area of his pants" but this information was not included in the Affidavit and (5) the Affidavit did not include that a vehicle, in which Defendant was a passenger, was stopped the night the heroin transaction was to occur but the Police did not find any heroin on Defendant's person or in the vehicle. Id.

Defendant contends that if the material misstatements are excluded and the omitted facts added to the Affidavit, the Search Warrant is not supported by probable cause. Doc. No. 40, 5. Further, Defendant argues that the good faith exception does not apply. Id.

3

Defendant first argues that he did not agree to supply the CI with heroin as described in paragraph 21. Confidential Informants are an important source of information in drug trafficking investigations. The information related to the confidential informants in this case is not discounted merely because they did not have a personal relationship with Defendant prior to their interactions in October 2012. Drug dealers often speak in coded language or speak very little during phone calls in an attempt to evade prosecution. Therefore, although the Defendant did not use the specific words "he could supply him/her with heroin," this does not negate that Defendant affirmatively discussed providing the CI with 60 bricks of heroin which is supported by the transcription of the cell phone conversation. See Doc. No. 40-3. An affiant is entitled to summarize conversations, encounters, etc. so long as the summation accurately details what actually occurred. That is the case here. Therefore, the statement in paragraph 21 is not false.

Next, Defendant argues that the surveillance video of the Century Building does not show Defendant re-entering with anything concealed as described in paragraph 31. The FBI Official record, dated November 11, 2012, set forth that FBI Agent Leonard Piccini, Jr. observed Defendant return to the apartment building at 3:46am and that Defendant's "left hand appear[ed] to be holding something close to the front area of his pants." Doc. No. 40-4. The statement in paragraph 31 is not a material false statement. Both the Affidavit and the FBI report relate that Defendant left the apartment building in the very early hours of October 10, 2012, and returned a short time later holding something that he had not had in his possession when he left. A discrepancy in time is not a material false statement. The Court's review of the videotape shows that shortly after 3:30am, Defendant entered the building and had his left hand in his clothing between his pants and shirt. Defendant is not foreclosed from arguing to a jury that he was not concealing heroin when he returned to the apartment, but such an argument does not negate the

existence of probable cause in this case. Defendant has not offered any evidence that the information in paragraph 31 was knowingly false to Agent Love when he executed the Affidavit.

Further, Defendant contends that probable cause is lacking because the Affidavit does not detail that Defendant was observed leaving the apartment concealing heroin on his way to conduct a drug deal with a CI. Doc. No. 41, 6. While inclusion of such observation would have bolstered probable cause, exclusion of such does not negate probable cause that exists. In sum, the Affidavit sets forth that Defendant entered and exited the Century Building repeatedly while allegedly attempting to negotiate the sale of a large amount of heroin. Defendant's movements corresponded to telephone conversations that were intercepted and support a finding that there was a "fair probability contraband or evidence of a crime will be found in a particular place." *United States v. Bond*, 581 F.3d 128, 139 (3d Cir. 2009) *quoting United States v. Burton*, 288 F.3d 91, 103 (3d Cir. 2002) and *Illinois*, 462 U.S. at 238.

Defendant assails the Affidavit on several other grounds which are without merit. Probable cause is not negated because the Affidavit is silent as to whether agents inspected the CI's telephone to confirm that Defendant phoned him/her that morning. The Affidavit sets for that the Agents knew the CI to be reliable because he/she had assisted in investigations in the past.

Defendant also assails the Affidavit because it does not include that Defendant informed the CI that he would meet him/her at the Waterfront at 8:30pm and was later subject to a police stop in that general area that did not uncover any heroin on Defendant or in the vehicle. The Affidavit references the traffic stop: "Additionally, on the evening of Wednesday, October 10, 2012, a traffic stop by law enforcement was conducted on a vehicle in the City of Duquesne. [Defendant] and Deonna Ligons were passengers within the vehicle and were sitting next to

5

eachother." Doc. No. 40-1, ¶ 25. This information appears to have been included to demonstrate that Plaintiff had a relationship with Ms. Ligons, with whom he stayed in the apartment. Defendant seems to argue by implication that he could not have been willing to complete a drug deal because he did not have heroin with him. Even if Defendant did not have heroin readily accessible to him at the time, he had still taken substantial steps to sell a large amount of heroin to the CI and probable cause existed to believe that heroin was located in the apartment he had exited. The Government is not required to demonstrate every step of a transaction, but only that there is probable cause that heroin would be found in the apartment. Likewise, the Affidavit was not required to include each time Defendant entered and exited the apartment. These "omissions" are not material to the finding of probable cause.

The Court does not find that there was any intentional or reckless inclusion of any material false statements or omissions of material information in the Search Warrant Affidavit. Defendant has also not met the threshold to entitle him to a Franks hearing. *Franks v. Delaware*, 438 U.S. 154, 164-65 (1978). Defendant has the burden to demonstrate (1) a "substantial preliminary showing" that the affiant knowingly or recklessly included a false statement in or omitted facts from the affidavit which (2) are necessary to the finding of probable cause. *United States v. Yusuf*, 461 F.3d 374, 383-84 (3d Cir. 2006). Defendant has failed to demonstrate either prong. The grounds on which Defendant attacks the Affidavit do not demonstrate that false statements were included and no facts were omitted that were factually related to or necessary for a finding of probable cause.

No application for a search warrant or affidavit in support thereof will be perfect. The documents at issue in this case are not unassailable. However, there was probable cause to believe that Apartment 7E contained heroin and other instruments of the drug trade. Therefore,

Defendant's Motion to Suppress (Doc. No. 40) and Motion for *Franks* Hearing (Doc. No. 42) are **DENIED**.

### B. Motion to Disclose Identity of Confidential Informants (Doc. No. 43)

Defendant moves this Court to order the Government to produce: the name, address, prior statement(s), criminal record, compensation provided, and any agreement or promise as to any confidential informants or cooperating individuals who will testify at trial and the prior bad acts the Government intends to use for the purpose of impeachment pursuant to Federal Rule of Criminal Procedure 404(b) should the Defendant testify.

The Government does not oppose Defendant's request for information related to confidential informants or cooperating witnesses who will testify. Doc. No. 47, 9. The Government shall provide such information by September 30, 2013, as set forth in the Pre-Trial Order. Doc. No. 48, ¶¶ 3-4. The Government is not required to produce information related to confidential informants or cooperating witnesses who will not testify at trial. Further, the Court has already ordered the Government to produce "any evidence of defendant's uncharged conduct which it intends to introduce at the trial pursuant to Federal Rule of Evidence 404(b), on or before October 22, 2013." Doc. No. 48, 4.

Therefore, Defendant's Motion to Disclose Identity of Confidential Informants (Doc. No. 43) is **GRANTED**. The Government shall provide information related to confidential informants and/or cooperating witnesses and evidence of Defendant's prior bad acts that it intends to introduce at trial on or before September 30, 2013.

### C. Motion for Discovery (Doc. No. 44)

Defendant seeks certain pretrial discovery of evidence including information pursuant to Federal Rule of Criminal Procedure 16 and *Brady* information. Doc. No. 46. The Government response indicates that it will make a determination of which witnesses will testify at trial and

produce Jencks Act material approximately a week prior to trial. Doc. No. 47, 8. In the Pre-Trial Order, the Court set forth dates which are relevant to this Motion, including: exchange of Government Witness Lists and Exhibits ("on or before September 30, 2013"); production of *Brady* Information ("on or before September 30, 2013"); and production of Jencks Act materials ("The Government is encouraged to provide all Jencks Act materials prior to the pretrial conference (scheduled for October 17, 2013)"). The Court continues to hold the Government to those dates that were specifically set and continues to encourage both parties to produce materials freely and as soon as possible. Therefore, Defendant's Motion for Discovery is **GRANTED** (Doc. No. 44).

### D. Motion to Compel Government Agents to Retain Rough Notes (Doc. No. 45)

Defendant seeks an Order of Court directing all Government agents and state and local law enforcement officers involved in the investigation of Defendant to "retain and preserve all rough notes and writings." Doc. No. 45, 1. The Government does not oppose this Motion. Doc. No. 47, 8.

Therefore, Defendant's Motion to Compel Government Agents to Retain Rough Notes (Doc. No. 45) is **GRANTED WITHOUT OBJECTION**. Any Government agents and law enforcement Officers who participated in the investigation of Defendant shall retain and preserve all rough notes and writings related thereto.

### E. Motion to Compel Proffer of Government's Expert Witness (Doc. No. 46)

Defendant seeks an Order directing the Government to Proffer which witnesses, if any, it will attempt to qualify as expert witnesses re: drug parlance, terminology, and the customs and practices related to the sale of illegal drugs and/or drug conspiracies. Doc. No. 46. Defendant seeks this material so that Defense Counsel can determine what expert testimony may be rebutted and challenged under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 586 (1993). Id.

In response to Defendant's Motion, the Government outlines that it will call a laboratory technician and a government expert who will provide opinions as to coded phrases in intercepted communications and methodology used in drug conspiracies. The Government has not identified the specific individuals who will testify, but will provide the expert's qualifications and a summary of his or her testimony at least two weeks prior to trial.

Therefore, based upon the Government's proffer, Defendant's Motion to Compel Proffer of Government's Expert Witness(es) (Doc. No. 46) is **DENIED AS MOOT**.

SO ORDERED this 23rd day of September, 2013,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties