IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

LANCE YARBOUGH,

       Defendant.

Criminal No. 12-0273
ELECTRONICALLY FILED

## MEMORANDUM ORDER RE: PRO SE DEFENDANT'S MOTION FOR FINAL DISPOSITION ON DETAINER (DOC. NO. 77)

Defendant was sentenced by this Court to a 60 month term of imprisonment to be followed by a 5-year term of supervised release after pleading guilty to possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i). Doc. No. 73. This sentence was based upon the applicable advisory guideline range of 70 to 87 months imprisonment, which included a statutory mandatory minimum of 60 months imprisonment. Defendant was on probation and/or parole for a state court offense when he committed the relevant federal offense.

Presently before this Court is *Pro Se* Defendant's Motion for Final Disposition on Detainer in which Defendant moves this Court to revoke a detainer that has been lodged against him for his probation/parole violation by the Commonwealth of Pennsylvania. Doc. No. 77. Defendant contends that the detainer impedes his participation in BOP programs and renders him ineligible for community confinement. Id. The Government opposes this Motion in its entirety. Doc. No. 78.

This Court does not have the authority to revoke the Commonwealth of Pennsylvania's detainer. Further, it is the Court's normal practice to order that sentences this Court imposes run consecutively to any sentence that may be imposed by the Commonwealth of Pennsylvania for violation of probation/parole. Committing crimes while on probation/parole demonstrates a serious lack of respect for the law and the increased punishments that may accompany repeated criminal conduct. As noted, the Court customarily declines Defendants' requests to have sentences for federal offenses and violation of Commonwealth probation/parole run concurrently. There is nothing in this case that moves this Court to deviate from this practice.

Therefore, the following Order is entered:

AND NOW, this 29th day of August, 2014, IT IS HEREBY ORDERED THAT *Pro Se* Defendant's Motion for Final Disposition on Detainer (Doc. No. 77) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Lance Yarbough
33861-068
FCI Cumberland – POB 1000
Cumberland, MD 21501